# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

**DAVID TERAY SANDERS,**              )
                                       )
        **Petitioner,**             )
                                       )
**v.**                                 )   **Civil Action No. 5:07-0723**
                                       )
**T.R. CRAIG, Warden,**                )
**FCI Beckley, West Virginia,**        )
                                       )
        **Respondent.**            )

## **PROPOSED FINDINGS AND RECOMMENDATION**

On November 13, 2007, Petitioner,[1] acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and a Motion to Proceed Without Prepayment of Fees.[2] (Document Nos. 1 and 2.) As grounds for *habeas* relief, Petitioner states as follows:

> The Federal Bureau of Prisons unlawfully revoked my good-time credits. On May 23, 2007, staff issued me an incident report, alleging fighting with another person. (Copy attached). The report was delivered to Petitioner on the same date. However, the incident report itself did not specifically state that Petitioner was "fighting." And, thereafter, Petitioner's rights to due process of law were not observed during the disciplinary procedure. Inasmuch as each inmate so charged is entitled to an initial

---

[1] On June 5, 2001, Petitioner pled guilty in the United States District Court for the Eastern District of North Carolina to one count of Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846. On December 21, 2001, the District Court sentenced Petitioner to a 210 month term of imprisonment, to be followed by a five year term of supervised release. Petitioner did not appeal his conviction. *United States v. Sanders*, Case No. 5:01-cr-00074 (E.D.N.C. Dec. 21, 2001). On November 19, 2003, Petitioner filed a Motion for Departure Based upon Rule 35. *Id.*, Document No. 21. By Order entered on February 25, 2004, the District Court granted Petitioner's Motion and reduced Petitioner's sentence to 100 month term of imprisonment. *Id.*, Document No. 22. The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on November 21, 2008.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

>hearing before the Unit Disciplinary Committee ("UDC"), ordinarily held within three working days from the time staff become aware of the inmate's involvement in the incident, pursuant to Section 541.15(b), of the Code of Federal Regulations, at Title 28. (28 CFR § 541.15(b)). Excluding weekends and federal holidays, and excluding the day staff become aware of the incident. Id. However, in the present case, this procedure was not followed and, UDC did not record the reasons why the procedure was not followed up on the face of the incident report itself as required by due process of law. See BP-10 Form, (Copy Attached). The unnecessary delays lulled Petitioner into a false sense of security, giving him reasons to believe that the incident report would not be prosecuted. As a result, he was caught unaware at the UDC hearing, and was not permitted to present a written statement for the record in his defense. Consequently, the procedures were not followed properly, and the outcome was unreliable. Leaving this petitioner doubtlessly entitled to be delivered.[3]

(Document No. 1, p. 2.) In support of his Petition, Petitioner attaches copies of the following as Exhibits: (1) Petitioner's administrative remedy requests; (2) Petitioner's Incident Report; and (3) The Discipline Hearing Officer Report. (Document No. 2-1.) Therefore, Petitioner requests that the incident be expunged from his institutional record and his good time credit be restored. (Id., p. 4.) The Court received Petitioner's $5.00 filing fee on November 13, 2007. (Document No. 3.)

## ANALYSIS

**A.  Mootness as a Consequence of Movant's Release.**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate

---

[3] The Incident Report contained the following description (Document No. 2-1, p. 5.):

On 05-23-2007, at 10:25 AM while talking to an inmate in the Poplar A Upper Counselor Office, I looked out and seen 2 inmates in the lower bubble pushing each other back and forth. I then observed one inmate throw the other inmate to one side of the bubble and then they went at each other again. I then observed both inmates striking each other with closed fist in the upper head and chest area. At this time, I called for assistance by radio that we had a fight in Poplar A Upper. After calling for assistance, I secured the office door and went to the lower bubble. As Inmate Sanders, David, Reg # 18894-056, came out of the lower bubble I secured him, while other staff secured Inmate Ivory, Gregory, Reg #39122-039.

only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

**B.    No due process violation.**

Considering Petitioner's claims on their merits and notwithstanding the determination above that they are moot, the undersigned finds them without merit. To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine

whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, in order to establish that a deprivation of his due process rights has occurred, Petitioner must identify a liberty interest which is protected by the Due Process Clause of the United States Constitution. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (holding that an inmate cannot be deprived of a protected liberty interest in good-time credits without procedural due process).

When a disciplinary sanction impacts the duration of a federal inmate's sentence, a protected liberty interest in the inmate's release from confinement is implicated, and minimal procedural guarantees are recognized. Ponte v. Real, 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553 (1985). The Supreme Court stated what procedure is required at a minimum in Wolff, supra. An inmate subject to administrative disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense as long as it does not jeopardize institutional

safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id., 418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981. BOP regulations are clearly written in view of the constitutionally required minimum, but the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met. See Myers v. Klevenhager, 97 F.3d 91, 94 (5th Cir 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995), cert. denied, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. Sandin v. Conner, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

      Having thoroughly examined the record in this case, the undersigned finds no indication of error of constitutional magnitude in the disciplinary proceedings. It is clearly evident that in charging and considering Petitioner's violation of Offense Codes 201 and 220 prison officials adequately adhered to the policies and procedures as prescribed in 28 C.F.R. § 541 and the Bureau of Prisons' Program Statement 5270.07. Petitioner received all documents pertinent to the charges against him, was advised of his rights, and had ample opportunity to present a defense to those charges. Petitioner, however, contends that Respondent violated his due process rights because he did not receive his initial hearing within three days. The regulations, however, provide that an inmate is "ordinarily" entitled to an initial hearing within three days. See 28 C.F.R. § 541.15(b)("Each inmate so charged is entitled to an initial hearing before the UDC, ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident."). The undersigned, therefore, finds that prison officials did not violate Section 541.15(b). Furthermore, the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due

process violation.[4]

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY as moot** Petitioner's Motion to Proceed Without Prepayment of Fees (Document No. 1.), **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 2.) and **REMOVE** this matter from the Court's docket.

---

[4] The undersigned notes that Petitioner does not dispute the findings of the DHO. The DHO found as follows (Document No. 2-1, p. 7.):

> I find that you violated prohibited act Code 220 (Inmate Discipline Policy), Wrestling or Other Forms of Physical Encounter (Horse Play), while incarcerated at FCI Beckley, West Virginia, on May 23, 2007, at about 10:25 a.m., when you wrestled with and were horse play fighting with another inmate.
> * * *
> At the DHO hearing, you admitted that Counselor Koch's report is true but contend that you and inmate Ivory are friends, who were horse playing with each other by wrestling and play fighting, and claim there were no hostilities involved. Before making a decision in this case, I also conducted Inmate Ivory's hearing, and he offered the same assertions. I also reviewed the medical reports that detail the examinations conducted by Scotty Rose, PA-C, and noted that neither you nor Inmate Ivory suffered any serious injury as there appears to be credibility with your claim of wrestling and horse play. Accordingly, I have amended the initial charge of Fighting, to a violation of Code 220, as wrestling, horse play of this nature, and any-and all forms of physical encounters between inmates are expressly forbidden. While you and Inmate Ivory have convinced me that your actions were playful, and not hostile in nature, this conduct was inappropriate and a violation of a high category offense.
> ***
> The action on the part of any inmate to engage in any form of physical encounter is prohibited. Often times, what starts out as good natured horse play turns serious when one or more of the parties becomes injured, angry, or embarrassed. This sort of behavior has caused many injuries, to inmates and staff alike, and cannot be condoned.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: October 15, 2010.

R. Clarke VanDervort
United States Magistrate Judge