# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

DAVID TERAY SANDERS,

                    Petitioner,

v.                                                    CIVIL ACTION NO.  5:07-cv-00723

T.R. CRAIG, WARDEN,
FCI Beckley, West Virginia,

                    Respondent.


## MEMORANDUM OPINION AND ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDATION


On this day, the above-styled matter came before the Court for consideration of the *Proposed Findings and Recommendation* ("PF&R") (Document No. 7).   By Standing Order entered on November 13, 2007, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   (Document No. 4). On October 15, 2010, Magistrate Judge VanDervort submitted his proposed findings and recommendation wherein it is recommended that this Court: deny as moot Petitioner's Motion to Proceed Without Prepayment of Fees (Document No. 1), dismiss Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241 (Document No. 2) and remove this matter from the Court's docket.

Objections to Magistrate Judge VanDervort's PF&R were due within seventeen (17) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.6(d), 72(b)(2).  This Court is not

required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Objections to the PF&R in this case were due on November 1, 2010. The Court has been informed that Petitioner was released from custody on November 21, 2008 and that the PF&R which was sent to him was returned as undeliverable. Petitioner has not filed objections or made any further efforts to contact the Court or prosecute this matter.

The Court has reviewed the Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody, in which Petitioner challenges the timeliness of the hearing conducted by the Unit Disciplinary Committee which resulted in a loss of twenty-seven (27) days of good conduct time and the imposition of fifteen (15) days disciplinary segregation time. In the PF&R, the Magistrate Judge found Petitioner's instant claim is moot by virtue of his release from custody, that there were no collateral consequences from the challenged conduct and that notwithstanding the determination that the claim is moot, there was no indication of error of constitutional magnitude in the disciplinary proceedings.

To the extent that Petitioner requests the incident be expunged from his institutional record and his good time credit be restored, the Court finds that the issues presented are moot. Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*. The Court does

2

hereby **ORDER** that Petitioner's Motion to Proceed Without Prepayment of Fees (Document No. 1) be denied, that Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241 (Document No. 2) be dismissed as moot and that the Clerk of Court remove this matter from the Court's docket.

The Court **DIRECTS** the Clerk to remove this matter from the Court's docket and  to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        December 27, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

3